**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00467-CR**
**NO. 09-13-00468-CR**
**NO. 09-13-00469-CR**

_____

**WILLIE EUGENE HARDEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 10-10378, 10-10380, 10-10382**

**MEMORANDUM OPINION**

In three separate plea bargain agreements, Willie Eugene Hardeman,[1] a habitual offender, pleaded guilty to aggravated kidnapping, aggravated robbery, and burglary of a habitation in causes numbers 10-10378, 10-10380, and 10-10382, respectively. In each case, the trial court found the evidence sufficient to

_____

[1]Willie Eugene Hardeman is referred to in the judgments as "Willie Eugene Hardeman AKA Willie E Hardeman[.]"

1

substantiate Hardeman's guilt, deferred further proceedings, placed Hardeman on community supervision for ten years, and assessed a $100 fine. Thereafter, the State filed an Amended Motion to Revoke Unadjudicated Probation. Hardeman pleaded true to violations of the conditions of his community supervision. Finding four of the alleged violations true in each case, the trial court granted the motions to revoke and sentenced Hardeman in each case to seventy-five years in prison, to be served concurrently.

Hardeman's appellate counsel filed briefs that present counsel's professional evaluation of the records and conclude the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 25, 2014, we granted an extension of time for Hardeman to file a *pro se* brief in each case. Hardeman filed a *pro se* brief in response. The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine that: (1) "the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support the appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments of conviction.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on November 5, 2014
Opinion Delivered November 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2]Hardeman may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.